Howard W. Anderson III
AK #1602006
LAW OFFICE OF
HOWARD W. ANDERSON III, LLC
PO Box 661
176 E Main St.
Pendleton, SC 29670
864-643-5790 (P)
864-332-9798 (F)
howard@hwalawfirm.com
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| | |
|---|---|
| ERIC CRADER, *Plaintiff*, | ) ) ) |
| vs. | ) No. _____ ) |
| LNT MINING LLC, *Defendant*. | ) ) ) |

# COMPLAINT

COMES NOW Plaintiff Eric Crader and, pursuant to Fed. R. Civ. Pro. 8, complains as follows:

1. Plaintiff Eric Crader is a citizen of Alaska.

2. Defendant LNT Mining LLC ("LNT") is an Alaska limited liability company headquartered in Anchorage.

## JURISDICTION

3. A private right of action exists under federal law for unpaid minimum wages

1

and overtime. 29 U.S.C. § 216(b).

4. Supplemental jurisdiction exists as to the state claim raised here. 28 U.S.C. § 1367.

## BACKGROUND

5. During the 2015 work season, the Plaintiff worked as a manual laborer at LNT's remote operation near Cold Foot, Alaska. Travel to and from the operation required plane or boat.

6. Attached as Exhibit A is a true and correct copy of Plaintiff Eric Crader's duly executed employment contract with LNT for the 2015 mining season.

7. Attached as Exhibit B is a true and correct copy of the duly executed addendum to the contract in Exhibit A.

8. During his employment, Plaintiff performed physical labor during long hours every day, seven days a week. For example, attached as Exhibit C is a true and correct copy of Plaintiff Eric Crader's notes concerning his work schedule.

9. As explained below, Plaintiff was not fully paid the lawful wage for the hours worked for LNT.

## COUNT I – FAIR LABOR STANDARDS ACT UNPAID OVERTIME

10. During the summer 2015 mining season, LNT was an "enterprise engaged in commerce or the production of goods for commerce" for the purposes of 29 U.S.C. § 203(s)(1), and/or Plaintiff was engaged in the production of goods for commerce.

11. During his employment at the LNT mining operation, Plaintiff and the other LNT employees were provided food and lodging at LNT's expense. The reasonable value of that food and lodging must be included when calculating the overtime wage per 29 C.F.R. § 531.37(b).

12. Plaintiff Eric Crader's regular rate for the purposes of overtime is $15 per hour (i.e. $600 per week as specified in Exhibit A divided by 40 hours) plus the reasonable value of board, lodging, and other facilities.[1]

13. Further, "overtime wages must be paid in cash or negotiable instruments on the employee's regular payday," *Biggs v. Wilson*, 1 F.3d 1537, 1543 (9th Cir. 1993), which in Alaska can never be less than monthly per A.S. § 23.05.140.

14. Contrary to 29 U.S.C. § 207(a), LNT employed Plaintiff for more than 40 hours in a statutory workweek without paying the statutorily required 1.5 times the regular rate per hour for all overtime hours when due.

**COUNT II – FAIR LABOR STANDARDS ACT MINIMUM WAGE**

15. Under the Fair Labor Standards Act, Plaintiff Eric Crader was entitled to a minimum wage of $7.25 per hour. 29 U.S.C. § 206

16. The minimum wage must payable in "cash or negotiable instrument payable at par", 29 C.F.R. § 531.27, and/or in "the reasonable cost, as determined by the

---

[1] At most, the in-kind promised payment of gold constitutes, as to Plaintiff Eric Crader, a shift premium that would be excluded from his regular rate for the purposes of federal law. 29 U.S.C. § 207(e)(5).

Administrator [Secretary], to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees….," 29 USCS § 203(m).

17. Like overtime pay, the Fair Labor Standards Act requires that the "the minimum wage …also be paid on the employee's regular payday." *Biggs v. Wilson*, 1 F.3d 1537, 1543 (9th Cir. 1993).

18. In violation of 29 U.S.C. § 2016, LNT employed Plaintiff Crader without paying a lawful minimum wage of $7.25 per hour for all hours worked.

### Count III – BREACH OF CONTRACT

19. Plaintiff Eric Crader reported for the mining season on May 11, 2015.

20. On September 13, 2015, the 125th day of the contract, LNT unjustifiably terminated Plaintiff Eric Crader's employment.

21. According to Plaintiff Eric Crader's payroll record, he received $11,742.86 in cash and, on or about September 21, 2015, 24.40 oz of gold that LNT estimated to have been worth $24.288.10.

22. Despite demand, LNT has refused to honor the guarantee to pay over the difference between the amount paid and $60,000.

23. This Count is only asserted in the alternative to the extent that Plaintiff Eric Crader's wages found owing in the counts above do not result in combined earnings of $60,000 for the 2015 mining season.

4

WHEREFORE, Plaintiff prays that this Court will:

A. For Count I:

    a. Award unpaid overtime pay per 29 U.S.C. § 216(b), including prejudgment interest to the extent permitted by law;

    b. Award an additional amount equal to their overtime pay as liquidated damages per 29 U.S.C. § 216(b);

    c. Award attorney's fees per 29 U.S.C. § 216(b); and

    d. Award the costs allowed by law.

B. For Count II:

    a. Award the unpaid minimum wage per 29 U.S.C. § 216(b), including prejudgment interest to the extent permitted by law;

    b. Award an additional amount equal to their overtime pay as liquidated damages per 29 U.S.C. § 216(b);

    c. Award attorney's fees per 29 U.S.C. § 216(b); and

    d. Award the costs allowed by law.

C. For Count III:

    a. Award Plaintiff Eric Crader his unpaid wages;

    b. Award the attorney's fees prescribed by Alaska R. Civ. Pro. 82; and

    c. Award the costs allowed by law.

Dated this 21st day of June, 2016.

>Respectfully submitted,
>
>ERIC CRADER
>
>s/Howard W. Anderson III
>Howard W. Anderson III
>AK #1602006

LAW OFFICE OF
HOWARD W. ANDERSON III, LLC
PO Box 661
176 E Main St.
Pendleton, SC 29670
864-643-5790 (P)
864-332-9798 (F)
1-888-501-1704 (toll free)
howard@hwalawfirm.com

## CERTIFICATE OF SERVICE

I, Howard W. Anderson III, certify that I filed a copy of the foregoing paper using the Court's CM/ECF system, which will deliver a copy to all registered participants. All parties in this case are registered to receive service via CM/ECF except for the following (if any), whom I have served this day by U.S. Mail, proper postage pre-paid:

N/A

s/Howard W. Anderson III<br>
Howard W. Anderson III<br>
AK #1602006